UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TODD MAISE                                                                CIVIL ACTION

VERSUS                                                                    No. 23-5186

RIVER VENTURES, L.L.C.                                                    SECTION: "J"(5)

### ORDER AND REASONS

Before the Court are a *Motion to Dismiss* **(Rec. Doc. 32)**, filed by Defendants Endurance American Insurance Company and New York Marine and General Insurance Company and an opposition filed by Plaintiff Todd Maise (Rec. Doc. 37). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This case arises out of Jones Act Seaman Todd Maise's fall while exiting a barge in tow of M/V INDEPENDENCE, a tugboat owned and operated by his employer, River Ventures, LLC. Originally filed against River Ventures alone, Maise raises actions of Jones Act negligence, unseaworthiness and maintenance and cure, seeking damages related to bodily injuries to his heels, feet, legs, knees, and hips. In his First Supplemental and Restated Complaint, filed on April 29, 2024, Maise added as defendants alleged insurers of River Ventures, pursuant to Louisiana's Direct Action Statute, Louisiana Revised Statute § 22:1269, *et seq*.

The insurers remaining in this suit, Endurance American Insurance Company and New York Marine and General Insurance Company, now move to dismiss claims

1

against them due to legislative amendments to the Direct Action Statute, effective on August 1, 2024. Maise opposes dismissal of the insurers.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Defendant Insurers argue no cause of action can be raised against them based on the current Direct Action Statute. Before the statute's August 1, 2024 amendment, an injured party could bring suit against an insurer jointly and in solido with its insured, if the policy had been issued in Louisiana. La. Rev. Stat. § 22:1269(B)(1).

Further, the injured party could bring an action against the insurer alone, but only if one of six qualifying circumstances were present. *Id.* (including, *inter alia*, insured's bankruptcy, impossibility of service, and death). After the August 1, 2024 amendment, however, the Louisiana legislature effectively eliminated the permissive joint-suit against insurer and insured, maintaining direct actions against insurers only with extenuating circumstances. *See* 2024 La. Sess. Law Serv. Act 275 (H.B. 337) (DIRECT ACTIONS AGAINST AN INSURER) (maintaining the previous circumstances and adding one for an insurer's defense under a reservation of rights). Accordingly, Defendant Insurers are correct that, under the current law and Maise's allegations, the Louisiana Direct Action Statute provides no cause of action.

Parties, however, dispute the applicability of a statutory amendment effective ninety-four days after the filing of Maise's First Supplemental and Restated Complaint. Defendant Insurers argue that the Louisiana Direct Action Statute is a procedural statute and, therefore, retroactively applicable. Maise counters that the pertinent legislation provides a substantive right of action and, notwithstanding its categorization, the law at the time of filing controls.

As an initial matter, Defendant Insurers correctly read Louisiana caselaw for the procedural nature of the Direct Action Statute. "The Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 6/28/13), 144 So. 3d 771, 775; *see also Green v. Auto Club Grp. Ins. Co.*, 2008-2868 (La. 10/28/09), 24 So. 3d 182, 184 (same) (collecting cases).

Further, Defendant Insurers are generally correct regarding the impact of amendments to procedural statutes. As the Louisiana Civil Code supplies, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." LA. CIV. CODE art. 6. Thus, this two-step evaluative process begins with the statutory amendment itself. Here, the legislative amendment is silent on the application of the revised text. Therefore, as the Louisiana Supreme Court has consistently interpreted the Direct Action Statute as procedural, it is proper to understand it to have retroactive application.

Nonetheless, Defendant Insurers' line of reasoning only takes them to the doorstep; Louisiana caselaw and present circumstances close their argument for dismissal. Assuredly, a plaintiff has "no vested right to have the procedural rules in effect at the time his cause of action arose applied to his suit." *Naquin v. Titan Indem. Co.*, 2000-1585 (La. 2/21/01), 779 So. 2d 704, 708. The *Naquin* court considered a classic procedural rule: the time period for service of process. Not dealing with a substantive right, the court reasoned "a civil litigant is not entitled to pursue his cause of action in the exact mode prescribed by the legislature at the time his cause of action arose." *Id.* However, the analysis shifted when the Louisiana Supreme Court weighed the procedural rules at the time of filing, rather than the time the action arose. In such a scenario, the court must assess whether the party received "due notice and an opportunity to be heard." *Id.* (first citing *Lott v. Department of Public Safety & Corrections,* 98-1920 (La. 5/18/99), 734 So. 2d 617; then citing *Hardware*

4

*Dealers' Mut. Fire Ins. Co. v. Glidden Co.,* 284 U.S. 151 (1931); then citing *Wall v. Close,* 10 So. 2d 779 (La. 1942)). At least one Louisiana appellate court has used such an analysis to find a procedural rule to apply only to cases filed after an effective date, but not before. *See Jones v. Sewerage & Water Bd. of New Orleans*, 2016-0691 (La. App. 4 Cir. 3/8/17), 213 So. 3d 497.

This Court concludes the dismissal of Insured Defendants nearly a month before trial does not provide Maise with sufficient due notice and an opportunity to be heard. The claim as pled over three months before amendment to the Direct Action Statute is properly brought against Defendants Endurance American Insurance Company and New York Marine and General Insurance Company.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants Endurance American Insurance Company and New York Marine and General Insurance Company's *Motion to Dismiss* **(Rec. Doc. 32)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE