UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TODD MAISE                                      CIVIL ACTION

VERSUS                                          No. 23-5186

RIVER VENTURES, L.L.C.                          SECTION: "J"(5)

### ORDER AND REASONS

Before the Court are a *Motion in Limine to Exclude Certain Testimony and Opinions of Gary Hensley, Plaintiff's Liability Expert* **(Rec. Doc. 33)**, filed by Defendant River Ventures, LLC and an opposition filed by Plaintiff Todd Maise (Rec. Doc. 36), to which River Ventures replied (Rec. Doc. 38). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

Hensley's opinion relies in part on post-accident conditions, that bore no part on the accident at issue. Such observations cannot be used to support a condition of unseaworthiness as a proximate cause of the accident. Accordingly, the following opinions within Hensley's expert report shall be excluded from trial, both as text within the report and as a basis for any testimony:

- o It is my professional opinion that Captain Veal violated the Certificate of Inspection for the vessel when he let Captain Maise off the vessel early and only running with 1 wheelman on board since they were running in excess of 12 hours. Once Captain Veal took command of the vessel, sometime between 6pm and 8pm, he became the Master of the vessel. By Captain Veal's own testimony [sic] (Rec. Doc. 33-2 at 17).

- o It is my professional opinion that Captain Veal violated the 12-Hour Rule (46 USC 8401) by coming on watch somewhere between 6pm

1

and 8pm on May 25th, 2023 and not having a relief until 4pm on May 26th, 2023. With Captain Veal working those hours, he worked approximately 18 hours, which put him breaking the 12-hour rule by 6 hours. (Rec. Doc. 33-2 at 17).

- o Captain Veal violated USCG rules by not completing a USCG 2692, Marine Accident/Incident Report as required when a crewmember needs medical attention beyond first aid. Not only did he violate USCG Rules, but he also violated River Ventures own *"Health and Safety Plan"* by not completing an Accident/Incident/Witness Report and not reporting it to the USCG and Mr. Jerry Hanna immediately. Captain Maise departed the vessel approximately 7pm-8pm, and Captain Veal testified that he did not notify Mr. Hanna until 3am-4am on May 26th, 2023. (Rec. Doc. 33-2 at 17).

- o Ensure that the vessel is seaworthy in all respects within the scope of responsibilities and authority as defined by law and Company Policies and Procedures. (Rec. Doc. 33-2 at 19).

- o The M/V Independence was not sea-worthy because Captain Veal violated the Certificate of Inspection, USCG Rules and Regulations, 46 USC 8104 (12-hour rule), and numerous River Ventures L.L.C. Policies & Procedures. (Rec. Doc. 33-2 at 19).

- o Captain Veal was improperly trained in Wheelhouse Management since he did not know what a Certificate of Inspection was and how many crew-members were supposed to be onboard with a transit exceeding 12 hours. (Rec. Doc. 33-2 at 19).

- o Captain Veal violated the *M/V Independence's* COI by working as the only captain on the vessel since it was on a transit that lasts longer than 12 hours. (Rec. Doc. 33-2 at 19).

- o Captain Veal violated 46 USC 8104 (12-hour Rule) by working excess of 12 hours within a 24-hour period. (Rec. Doc. 33-2 at 19).

- o Captain Veal violated River Ventures, L.L.C. policies and procedures for allowing Captain Maise to depart the vessel early. River Ventures *"Health and Safety Plan"* clearly states that a crewmember is not to depart the vessel until properly relieved. (Rec. Doc. 33-2 at 19).

## **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant River Ventures,

LLC's *Motion in Limine to Exclude Certain Testimony and Opinions of Gary Hensley, Plaintiff's Liability Expert* **(Rec. Doc. 33)** is **GRANTED**.

New Orleans, Louisiana, this 23rd day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3