UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD MAISE | CIVIL ACTION |
| VERSUS | No. 23-5186 |
| RIVER VENTURES, LLC | SECTION: "J"(5) |

# LEGAL INSTRUCTIONS READ TO THE JURY

*************************************************************************

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions. You must answer all questions under a preponderance of the evidence standard. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

## STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the facts that have been established by the testimony and evidence in this case. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## CREDIBILITY OF WITNESSES

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of each witness a reasonable and fair interpretation in light of your own knowledge of the natural tendencies of human beings.

Now, I've said that you must consider all of the evidence in the case. This does not mean, however, that you must accept all of the evidence as true or accurate. As jurors, you are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his relationship to a party; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## DEPOSITION TESTIMONY

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you this week. This deposition testimony is entitled to the same consideration and weighed and otherwise

considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**ADMISSIBILITY OF EVIDENCE**

At various points throughout the trial, I have been called upon to pass judgment on the admissibility of evidence. Whether evidence is admissible is purely a question of law for me to decide and with which you have no concern. You are not to draw any inference as to what weight should be given to the evidence or as to the credibility of the witness from my ruling on these questions. In admitting evidence to which an objection is made, I do not determine what weight should be given it; that is a matter for you to determine as jurors. As to any evidence rejected by me, you, of course, must not consider it at all. Likewise, as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection or for my ruling.

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

In this case, Plaintiff, Todd Maise, has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Mr. Maise has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses,

regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential element of Mr. Maise's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**CLAIMS IN THIS CASE**

Members of the jury, the Plaintiff in this case, Todd Maise, was hired by Defendant River Ventures, LLC as a short-term captain of the M/V INDEPENDENCE. Mr. Maise was injured as he was exiting the vessel. Specifically, Mr. Maise's injuries occurred while he was attempting to get off an unloaded barge towed by the M/V INDEPENDENCE and onto a dock below. Mr. Maise brings claims of Jones Act negligence and general maritime law unseaworthiness, seeking damages related to bodily injuries sustained in the accident.

I will now instruct you concerning the law applicable to each of the claims.

**JONES ACT—UNSEAWORTHINESS**

Plaintiff Todd Maise, who is a seaman, is asserting two separate claims against Defendant River Ventures, LLC.

Mr. Maise's first claim, under the federal law known as the Jones Act, is that his employer, Defendant River Ventures, LLC, was negligent, and that this negligence was

a cause of his injuries. Mr. Maise's second claim is that unseaworthiness of a vessel caused his injuries.

You must consider each of these claims separately. Mr. Maise is not required to prove all of these claims. He may recover if he proves any one of them. However, he may recover only those damages or benefits the law provides for the claims that he proves, and he may not recover the same damages or benefits more than once.

**JONES ACT—NEGLIGENCE**

Under the Jones Act, Plaintiff Todd Maise must prove that his employer was negligent. Negligence is doing an act that a reasonably prudent person would not do, or failing to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean that anyone was negligent or that anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is liberally interpreted. It includes any breach of duty that an employer owes to its employees who are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the employer's negligent act was the cause, in whole or in part, of injury to a seaman employee, then you must find that the employer is liable under the Jones Act. In other words, under the Jones Act, Defendant River Ventures, LLC bears the responsibility for any negligence that played a part, no matter how slight, in causing Mr. Maise's injury. Negligence may be a cause of injury even though it operates in combination with another's act or with some other cause, if the negligence played any part in causing such injury.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work, including a reasonably safe means of ingress and egress from its vessel. If you find that Mr. Maise was injured because River Ventures failed to furnish him with a reasonably safe place to work, and that Mr. Maise's working conditions could have been made safe through the exercise of reasonable care, then you must find that River Ventures was negligent.

The fact that River Ventures conducted its operations in a manner similar to that of other companies is not conclusive as to whether River Ventures was negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice had been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long-accepted practice may be an unsafe practice. A practice is not necessarily unsafe or unreasonable, however, merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of its employees while that employee is acting within the course and scope of his employment.

If you find from a preponderance of the evidence that River Ventures assigned Mr. Maise to perform a task that Mr. Maise was not adequately trained to perform, you must find that River Ventures was negligent.

**UNSEAWORTHINESS**

Plaintiff Todd Maise seeks damages for personal injury that he claims was caused by the unseaworthiness of Defendant River Ventures, LLC's vessel, the M/V INDEPENDENCE.

A shipowner owes every member of the crew employed on its vessel the absolute duty to keep and maintain the vessel and all its decks and passageways, appliances, gear, tools, parts and equipment in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend on negligence or fault or blame. If an owner does not provide a seaworthy vessel—a vessel that is reasonably fit for its intended use—no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes the duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the vessel owner is not required to furnish an accident-free ship. It need only furnish a vessel and appurtenances that are reasonably fit for the intended use and a crew that is reasonably adequate for the assigned tasks.

The vessel owner is not required to provide the best appliances and equipment, or the finest crews, on its vessel. It is required to provide only gear that is reasonably proper and suitable for its intended use and a crew that is reasonably adequate.

In summary, if you find that the vessel owner did not provide an adequate crew of sufficient number to perform the tasks required, or if you find that the vessel was in any manner unfit under the law as I have explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the vessel owner liable, without considering any negligence on the part of the vessel owner or any of its employees.

However, if you find that the owner had a capable crew, and had appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and Defendant River Ventures, LLC is not liable to Plaintiff Todd Maise on the claim of unseaworthiness.

**CAUSATION**

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, different rules apply to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the seaman's contributory negligence, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part. In other words, under the Jones Act, a defendant and a plaintiff each bear the responsibility for any negligence that played a part, however slight, in causing the plaintiff's injury.

For the unseaworthiness claim, the seaman must show not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of the injury. This means that Plaintiff Todd Maise must show that the condition in question was a substantial factor in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

**CONTRIBUTORY NEGLIGENCE**

Defendant River Ventures, LLC contends that Plaintiff Todd Maise was negligent and that Mr. Maise's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. Mr. Maise's negligence will be considered a cause of the injury if it played a part—no matter how slight—in bringing about his injury. River Ventures has the burden of proving that Mr. Maise was contributorily negligent. If Mr. Maise's negligence contributed to his injury, he may still recover damages, but the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. Under the Jones Act, a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

**DAMAGES**

If you find that Defendant River Ventures, LLC is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of Plaintiff Todd Maise's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Mr. Maise whole—that is, to compensate Mr. Maise for the damage that he has suffered.

Compensatory damages are not limited to expenses that Mr. Maise may have incurred because of his injury. If Mr. Maise wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of River Venture's wrongful conduct.

Compensatory damages are not allowed as a punishment against a party. You may award compensatory damages only for injuries that Mr. Maise proves were proximately caused by River Venture's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Mr. Maise's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Maise has actually suffered or that Mr. Maise is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Mr. Maise prove the amount of his losses with mathematical

precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

In determining compensatory damages, you should consider only the following elements, to the extent you find that Mr. Maise has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Mr. Maise's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; and impairment of earning capacity or ability in the future, including impairment of Mr. Maise's earning capacity due to his physical condition.

If you find that Mr. Maise is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that Mr. Maise has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award Mr. Maise only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Mr. Maise if he received the amount today than if he received the same amount in the future. If you decide to award Mr. Maise an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate Mr. Maise for his injuries.

**INJURY / PAIN / DISABILITY**

You may award damages for any bodily injury that Plaintiff Todd Maise sustained and any pain and suffering, disability, and/or mental anguish that Mr. Maise experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Mr. Maise for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**CONSIDER DAMAGES ONLY IF NECESSARY**

If Plaintiff Todd Maise has proved his claim against Defendant River Ventures by a preponderance of the evidence, you must determine the damages to which Mr. Maise is entitled. You should not interpret the fact that I am giving instructions about Mr. Maise's damages as an indication in any way that I believe that Mr. Maise should, or should not, win this case. It is your task first to decide whether River Ventures is liable. I am instructing you on damages only so that you will have guidance in the event you decide that River Ventures is liable and that Mr. Maise is entitled to recover money from River Ventures.

**USE OF NOTES TAKEN BY JURORS**

In closing, I want to give you a few more general instructions, ladies and gentlemen. Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after a full and impartial consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own

opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Upon returning to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience.

[**Explain verdict form**]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either

in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case. You may now retire to the jury room to conduct your deliberations.